IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:16-cv-640-BO

| | |
|---|---|
| STEVEN L. SNELLING,<br><br>    Plaintiff,<br><br>v.<br><br>WAKE COUNTY,<br><br>    Defendant. | AMENDED COMPLAINT |

NOW COMES Plaintiff, Steven L. Snelling, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, and hereby files this Amended Complaint. In his Amended Complaint, Plaintiff, complaining of Defendant, alleges as follows:

1) Plaintiff Steven L. Snelling (hereinafter "Plaintiff") is a resident of Durham County, North Carolina. The events that led to the filing of this Amended Complaint occurred when Plaintiff was a resident of Wake County, North Carolina.

2) Defendant Wake County (hereinafter "Defendant") is a body politic and corporate within the State of North Carolina that exists pursuant to N.C.G.S. § 153A-10, *et seq.*

3) Upon information and belief, Defendant employs in excess of five hundred employees.

4) On May 25, 2016, Plaintiff filed a Complaint in Wake County Superior Court. On June 30, 2016, Defendant filed a notice of removal to this Court.

5) On June 30, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

6) This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3).

7) Plaintiff, an African-American male, began his employment with Defendant on or about December 19, 2014 as an administrative assistant in Defendant's Human Services Department.

8) During the course of his employment with Defendant, Plaintiff worked in the Document Control Center mail room. He was directly supervised by Tracey Lassiter, Consumer Records Manager. Ms. Lassiter was directly supervised by Dena Hansley, Defendant's Consumer Records Director.

9) Throughout the course of Plaintiff's employment, Chartina Jones, LeJune Scott and Corey Taylor also worked in Defendant's Document Control Center mail room.

10) Beginning in January 2015, Ms. Jones, Ms. Scott and Mr. Taylor all began to refer to Plaintiff as "boy," "nigger," and "fag." These three co-workers made these disparaging remarks to Plaintiff on a daily basis and continued to do so until Plaintiff was discharged from employment.

11) The remarks made by Ms. Jones, Ms. Scott and Mr. Taylor unreasonably interfered with Plaintiff's work performance and created a hostile work environment for Plaintiff. During the entire course of Plaintiff's employment with Defendant, Ms. Jones, Ms. Scott and Mr. Taylor never used Plaintiff's actual name when they spoke with Plaintiff.

12) On or about April 10, 2015, Plaintiff met with Ms. Lassiter and Ms. Hansley. During this meeting, Plaintiff informed Ms. Lassiter and Ms. Hansley that he was being harassed

by some of his co-workers. Among other things, Plaintiff reported that his co-workers were referring to him as "boy," "nigger," and "fag."

13) On or about April 10, 2015, Ms. Hansley, a Caucasian female, held a meeting with Plaintiff and his co-workers. During this meeting, Ms. Hansley referred to Plaintiff as "boy". Plaintiff responded by requesting that Ms. Hansley not refer to him as "boy". Ms. Hansley replied "but you are a boy."

14) Ms. Jones, Ms. Scott and Mr. Taylor continued to refer to Plaintiff as "boy", "nigger" and "fag" after the April 10, 2015 meeting. Ms. Hansley did not do anything to discourage this name calling. In fact, Ms. Hansley encouraged such conduct by continuing to refer to Plaintiff as "boy" in the presence of Plaintiff's co-workers.

15) In early May 2015, Ms. Hansley told Plaintiff that he should not "go downtown" to report his complaints of harassment. Defendant's administrative offices, including Human Resources, are located in downtown Raleigh.

16) On or about May 7, 2015, Plaintiff contacted Defendant's Human Resources Department regarding the harassment to which he was being subjected. Plaintiff informed Laurie Turner, an Employee Relations Consultant, that his co-workers were referring to him as "boy," "nigger," and "fag." Plaintiff also informed Ms. Turner that Ms. Hansley was also referring to Plaintiff as "boy."

17) Ms. Hansley was aware of the fact that Plaintiff had gone to Defendant's Human Resources Department to complain about his co-workers and Ms. Hansley.

18) On or about May 8, 2015, Ms. Hansley informed Ms. Lassiter that Ms. Hansley planned to terminate Plaintiff's employment. Ms. Lassiter informed Ms. Hansley that Ms. Lassiter did not support the decision to terminate Plaintiff.

19) Defendant ultimately decided not to terminate Plaintiff in May 2015.

20) In mid-May, 2015, Ms. Turner interviewed Plaintiff regarding his allegations of harassment. During this interview, Plaintiff again informed Ms. Turner that he was being harassed by Ms. Jones, Ms. Scott, Mr. Taylor and Ms. Hansley.

21) Ms. Jones, Ms. Scott and Mr. Taylor continued to refer to Plaintiff as "boy" "nigger" and "fag" after Plaintiff interviewed with Ms. Taylor in mid-May 2015. Ms. Hansley continued to refer to Plaintiff as "boy" after Plaintiff interviewed with Ms. Taylor in mid-May 2015.

22) On September 3, 2015, Ms. Hansley presented Plaintiff with written notice of his termination from employment. Prior to presenting Plaintiff with such notice, Ms. Hansley told Plaintiff to "come here boy."

23) Ms. Hansley made the decision to discharge Plaintiff.

24) The notice of termination alleged that Plaintiff displayed aggressive behaviors towards another employee on August 31, 2015. That employee, Corey Taylor, was one of the co-workers who were referring to Plaintiff as "boy", "nigger" and "fag."

25) Plaintiff did not display or otherwise engage in aggressive behavior towards Corey Taylor or any other employee while at work on August 31, 2015 or any other day.

26) On or about October 27, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). In such charge, Plaintiff asserted that Defendant had terminated Plaintiff's employment in retaliation for Plaintiff's previous complaints of harassment based on his race and perceived sexual orientation.

27) On February 26, 2016, the EEOC issued Plaintiff a right to sue letter.

28) Plaintiff has exhausted all applicable administrative remedies as required by Title VII of the Civil Rights Act of 1964, as amended.

## CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 2000e-2

29) Plaintiff incorporates herein the allegations of paragraphs 1-28 of this amended complaint as if fully set forth herein.

30) Plaintiff engaged in protected activity under Title VII of the Civil Rights Act of 1964, as amended, in April 2015, when he informed his supervisor, Tracey Lassiter, and Dena Hansley, his director, that he was being subjected to harassment based on his race and perceived sexual orientation.

31) Plaintiff further engaged in protected activity in May 2015, when he informed Laurie Turner of Defendant's Human Resources Department that he was being subjected to harassment based on his race and perceived sexual orientation.

32) In the notice of termination that was provided to Plaintiff, Defendant alleged that Plaintiff was terminated due to Plaintiff's allegedly displaying aggressive behaviors towards another employee. Such allegation is false and, upon information and belief, was contrived by Defendant as a pretext for discharging Plaintiff.

33) Defendant discharged Plaintiff in retaliation for Plaintiff's making internal complaints of harassment based on his race and perceived sexual orientation. Said complaints included Plaintiff's assertion that Ms. Hansley had made repeatedly called Plaintiff "boy" – which Plaintiff reasonably believed to evince racial animus.

34) Defendant's actions as described herein were malicious and in willful and wanton disregard of Plaintiff's rights. Notwithstanding said fact, Plaintiff is not requesting punitive damages in this matter.

35) As a result of Defendant's actions, Plaintiff has suffered lost wages, lost employment benefits, pain and suffering, mental and emotional distress, the loss of status and reputation, and other economic losses.

36) As a result of Defendant's actions, Plaintiff has suffered damages in an amount in excess of $10,000.00, the exact amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court:

1) For judgment against Defendant for compensatory damages in a sum in excess of Ten Thousand Dollars ($10,000.00);

2) For a judgment declaring the employment practices of Defendant alleged herein to be unlawful;

3) For an order requiring Defendant to make whole the Plaintiff by reinstating him to the position of employment he would have enjoyed had Defendant not engaged in unlawful practices, by providing Plaintiff appropriate back pay, front pay, and reimbursement for lost benefits in an amount to be shown at trial, and by granting Plaintiff other appropriate affirmative relief;

4) For recovery of Plaintiff's costs herein, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, and prejudgment interest from the date of the filing of this Complaint; and

5)         For such other relief to which Plaintiff may be entitled in law or in equity.

6)         Trial by jury is hereby demanded as to all issues so triable.

This the 21st day of July, 2016,

                              /s/ Charles E. Monteith, Jr.
                              Charles E. Monteith, Jr.
                              Attorney for Plaintiff
                              Monteith & Rice, PLLC
                              309 W. Millbrook Road, Suite 141
                              Raleigh, NC  27609
                              Telephone No.: (919) 785-2230
                              Facsimile No.: (919) 785-2280
                              Email:  monteithricepllc@bellsouth.net
                              NC Bar No. 9368

# CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2016, I electronically filed the foregoing Amended Complaint with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following attorneys of record:

>Roger A. Askew
>Senior Deputy County Attorney
>Office of the Wake County Attorney
>Post Office Box 550
>Raleigh, NC 27602
>
>Jennifer M. Jones
>Senior Assistant County Attorney
>Office of the Wake County Attorney
>Post Office Box 550
>Raleigh, NC 27602

>/s/ Charles E. Monteith, Jr.
>Charles E. Monteith, Jr.
>Attorney for Plaintiff
>Monteith & Rice, PLLC
>309 W. Millbrook Road, Suite 141
>Raleigh, NC  27609
>Telephone No.: (919) 785-2230
>Facsimile No.: (919) 785-2280
>Email:  monteithricepllc@bellsouth.net
>NC Bar No. 9368