IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-640-BO

| | | |
|---|---|---|
| STEVEN L. SNELLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WAKE COUNTY | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, the time for filing a reply has expired, and the matter is ripe for ruling. For the reasons discussed below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff filed this action in Wake County Superior Court alleging that defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, when it terminated his employment in retaliation for plaintiff having made internal complaints of harassment by his co-workers based on his race and perceived sexual orientation. Defendant removed the action to this Court on the basis of its federal question jurisdiction. 28 U.S.C. §§ 1331; 1441. Defendant thereafter moved to dismiss plaintiff's complaint, and plaintiff filed an amended complaint. Defendant has moved to dismiss the amended complaint, arguing that it fails to state a claim upon which relief can be granted.

Plaintiff complains that he is an African-American male who, shortly after being hired by defendant, was repeatedly referred to by his immediate co-workers as "boy," "*nigger*," and

"fag." Plaintiff alleges that after approximately three months of this harassment he complained to his supervisors about his treatment. No change in plaintiff's treatment resulted, and plaintiff was later encouraged to "go downtown" to report his complaints. Plaintiff did, and roughly three months later he was terminated from his employment.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant argues that plaintiff's complaint fails to state a plausible claim for relief because instead of raising a claim for retaliatory discharge, he has raised but failed to plead a claim for hostile work environment. The Court has considered plaintiff's amended complaint in light of the applicable standard and holds that dismissal is unwarranted at this time.

2

In order to establish a prima facie case of retaliatory discharge, a plaintiff must show that he engaged in protected activity, his employer took adverse employment action against him, and that a causal connection existed between the protected activity and the adverse employment action. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002). Internal complaints similar to those alleged to have been made by plaintiff may form the basis of a retaliatory discharge claim. *Id.* The termination of plaintiff's employment plainly rises to the level of adverse employment action. Finally, plaintiff has sufficiently alleged a causal connection between the protected activity and the adverse employment action by pleading temporal proximity, here approximately three months, between his last internal complaint of harassment and his termination. *See Hockaday v. Brownlee*, 370 F. Supp. 2d 416, 424-25 (E.D.Va. 2004) ("very little evidence of a causal connection is required to establish a prima facie case, and mere temporal proximity between the filing of a discrimination charge and adverse employment action is sufficient.").

Although defendant would like to repackage plaintiff's retaliatory discharge claim as one for co-worker harassment imputable to the employer, the Court finds that a plain reading of the amended complaint provides that plaintiff has sufficiently alleged his claim as presented.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 13] is DENIED.

SO ORDERED, this 14 day of November, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:16-cv-00640-BO   Document 18   Filed 11/14/16   Page 3 of 3